```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
OSCAR MERCADO,                                              :
                                                            :
                           Petitioner,                      :    07 CIV 9865 (KMK)(MDF)
                                                            :
      -against-                                             :    MEMORANDUM ORDER
                                                            :
JOHN LEMPKE, Superintendent,                                :
Five Points Correctional Facility,                          :
                                                            :
                           Respondent.                      :
------------------------------------------------------------X
```

MARK D. FOX, United States Magistrate Judge

    Oscar Mercado, a habeas petitioner challenging his state court conviction pursuant to 28 U.S.C. § 2254, has moved for appointment of counsel (Docket No. 6). For the following reasons, the motion is denied.

    In his habeas petition, Mr. Mercado ("Petitioner") claims that the jury's verdict against him was contrary to the weight of the credible evidence, that the trial court denied him a fair trial, and that his record and conduct demonstrate his sentence was excessive. He further claims that his Fourth and Fifth Amendment rights were violated by the police, and that exculpatory material was withheld by the prosecution. Finally, Petitioner asserts that, in 2004, he was made aware of certain exculpatory evidence withheld by the prosecution that was necessary to prove that the police unlawfully seized evidence used against him.

    The standard applicable to a civil indigent's application for appointment of counsel also applies to a federal habeas petitioner. *See*, *e.g.*, *Frazier v. Wilkinson*, 842 F.2d 42, 46-47 (2d Cir. 1988), *cert. denied*, 488 U.S. 842 (1988); *Buitrago v. Scully*, 705 F. Supp. 952, 957-58 (S.D.N.Y. 1989). As evidence of their broad discretion in disposing of applications for appointed counsel,

the Court of Appeals has instructed district courts to first evaluate the likelihood of success on the merits of the petitioner's claims. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). If the application meets the threshold requirement, the district court should further consider "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

      Petitioner states in his application that he requires counsel because of the complexity of the legal system, his education background (a high school diploma), and financial constraints. Petitioner submits that he has contacted several organizations and law schools seeking legal representation, but was informed by these organizations and schools that they do not handle criminal cases. Nevertheless, the papers submitted by Petitioner to this Court raise substantive legal issues, the bulk of which were fully briefed by Petitioner's appellate counsel.

      Ordinarily, a federal habeas court does not assign counsel unless a hearing is contemplated. *Ramirez v. Attorney General, et al.*, No. 99 Civ. 1909, 1999 WL 893467, at *2 (S.D.N.Y. Oct. 18, 1999) ("If no evidentiary hearing is necessary, the appointment of counsel is not warranted."). Upon preliminary examination of the parties' submissions, the Court anticipates that Petitioner's claims can be properly addressed and decided on the papers

presented. *See Gonzalez v. Hoke*, No. 91 Civ. 9952, 1991 WL 130894, at *4-5 (S.D.N.Y. July 8, 1991); *Dennis v. Henderson*, No. 88 Civ. 0693, 1989 WL 2715, at *1-2 (S.D.N.Y. Jan. 9, 1989). Accordingly, the exercise of discretion does not favor appointment of counsel at this time.

In the event the Court determines that a hearing is necessary for resolution of the grounds raised in the petition, the Court will arrange for appointment of counsel prior to holding that hearing.

IT IS SO ORDERED.

Dated: March 6, 2008
White Plains, New York

MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum Order have been sent to the following:

The Honorable Kenneth M. Karas

Oscar Mercado (02A6109)
Five Points Correctional Facility
State Route 96
Romulus, NY 14541

Joseph M. Latino
Office of the Westchester County District Attorney
Westchester County Courthouse
111 Martin Luther King Jr. Blvd.
White Plains, New York 10601