UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSCAR MERCADO,

        Petitioner,

 -v-

JOHN LEMPKE, Superintendent, Five Points
Correctional Facility,

        Respondent.

Case No. 07-CV-9865 (KMK)(PED)

ORDER

---

KENNETH M. KARAS, District Judge:

 John Lempke ("Respondent") brings this motion to dismiss Oscar Mercado's ("Petitioner") Petition for Writ of Habeas Corpus on the ground that the claims asserted by Petitioner are barred by the one-year limitations period of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), 28 U.S.C. § 2244(d). For the reasons stated herein, the motion is denied.

I.  Background

 Petitioner filed his Petition pro se on November 7, 2007, and the case subsequently was referred to Magistrate Judge Mark D. Fox for review, pursuant to 28 U.S.C. § 636(b). On January 12, 2009, the case was reassigned to Magistrate Judge Paul E. Davison, who issued a Report and Recommendation ("R&R") on March 20, 2009, concluding that this Court should deny Respondent's motion to dismiss the Petition. (R&R 11.)

 Petitioner was convicted on September 22, 2002, in New York Supreme Court, and was

originally sentenced by the state trial court on October 29, 2002.[1]  (Affirm. of Arlen S. Yakut in Supp. of Not. of Mot. Pursuant to C.P.L. § 330.30 ("Yakut Affirm.") ¶ 3.)  Petitioner was resentenced by the trial court on January 22, 2003.  (Yakut Affirm. ¶ 4.)  Petitioner's conviction was affirmed by the New York State Appellate Division on April 19, 2004.  *See People v. Mercado*, 774 N.Y.S.2d 801, 801 (App. Div. 2004).  On June 24, 2004, the New York Court of Appeals affirmed the Appellate Division's judgment.  *See People v. Mercado*, 816 N.E.2d 205, 205 (N.Y. 2004).  On February 23, 2007, Petitioner moved to vacate his conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10, and on May 8, 2007, Petitioner's motion was summarily denied by the trial court.  (R&R 3.)  On August 20, 2007, the Appellate Division denied Petitioner's application for leave to appeal the trial court's May 8, 2007 order.  (*Id.*)  On October 17, 2007, Petitioner filed this Petition with the Southern District's Pro Se Clerk's Office.  (Dkt No. 2.)  In or around April 2008, Petitioner filed a post-conviction motion in state trial court, pursuant to CPL § 440.20, to set aside the January 2003 amended sentence, and on July 24, 2008, Petitioner was resentenced.  (Dkt. No. 26; Opp. 10.)  Petitioner's appeal of the July 24, 2008 resentence is pending in state court.  (Dkt. No. 28.)

On October 2, 2008, Respondent filed his motion to dismiss the Petition on the grounds that it is time-barred and that Petitioner's purported reasons for his late filing do not justify the application of the equitable tolling doctrine.[2]  (Dkt. No. 13.)  On February 18, 2008 and October

---

[1] The procedural and factual background of this case are fully set forth by Magistrate Judge Davison (R&R 2-5), and the Court assumes the Parties' familiarity therewith.

[2] Respondent originally filed his motion to dismiss on limitations grounds on February 11, 2008 (Dkt. No. 8), but on August 6, 2008, the Court dismissed Respondent's motion without prejudice and ordered Respondent to provide the Court with a transcript of Petitioner's trial and copies of all briefs and decisions on appeal or in connection with Petitioner's CPL § 440 post-trial motions in state court (Dkt. No. 12).

20, 2008, Petitioner submitted two affirmations wherein he argued that his petition was timely and should not be dismissed.  (Dkt. Nos. 9 & 24.)

## II.  Discussion

### A.  Standard of Review

#### 1.  Review of Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).  Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), as was the case here.

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record."  *Donahue*, 2007 WL 831816, at *1 (internal citation and quotation marks omitted); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) ("The district court evaluating a Magistrate Judge's report and recommendation may adopt those portions of the . . . report to which no 'specific

3

written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2)). "Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." *DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (internal citation and quotation marks omitted). "In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal." *Donahue*, 2007 WL 831816, at *1.

Here, neither Party has filed objections to Magistrate Judge Davison's R&R. Accordingly, the Court has reviewed the R&R for clear error only. Having reviewed Magistrate Judge Davison's R&R for clear error, the Court adopts it to the extent consistent with this Order.

### 2.  Statute of Limitations under AEDPA

A habeas petitioner has one year to file a petition following a state court conviction. *See* 28 U.S.C. § 2244(d)(1). The one year statute of limitations begins to run from the latest date on whichever one of the following events occurs:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

### B.  The Effect of Petitioner's Resentence on His Pending Habeas Application

Petitioner was convicted on September 22, 2002, and his conviction was affirmed on April 19, 2004.  A certificate denying leave to appeal this decision to the New York Court of Appeals was issued on June 24, 2004.  Accordingly, Petitioner had ninety days from that date to seek certiorari from the United States Supreme Court, but he did not do so.  Therefore, his conviction was final on September 22, 2004, when the ninety-day period for him to file certiorari expired. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) ("'[D]irect review,' as used in § 2244(d)(1)(A), includes direct review by the United States Supreme Court via writ of certiorari, and . . . the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari."); *see also Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (noting that state prisoners do not need to petition for certiorari to exhaust state remedies).  Petitioner thus originally had until September 22, 2005 to file his Petition in a timely manner.

Magistrate Judge Davison relied on the Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147 (2007), to conclude that Petitioner's habeas petition was not barred on statute of limitations grounds, in spite of the fact that his Petition was filed over two years after his conviction originally became final.  (R&R 8-11.)

In *Burton*, the petitioner timely filed a habeas petition in December 1998, challenging his underlying conviction only, while the state review of his March 1998 amended sentence was still pending. *See id.* at 151.  The petition was denied on the merits by the district court, and this denial was affirmed by the Court of Appeals. *See id.*  In 2002, the petitioner filed another habeas petition, which both the district court and circuit court rejected on the merits. *See id.* at 151-52.

5

Upon review, the Supreme Court held that the 2002 habeas petition was a "second or successive petition," which the district court lacked the jurisdiction to consider, because the petitioner had failed to seek permission from the appropriate court of appeals to file a second or successive petition, as required by 28 U.S.C. § 2244(b)(3). *See id.* In rejecting the petitioner's argument that he was forced to file his original 1998 petition because of the one-year statute of limitations, and therefore should not have been required to seek permission from the court of appeals to file his second habeas petition, the Supreme Court concluded that the petitioner's limitations period did not begin to run until both his conviction and sentence became final and that "occurred well after [the petitioner] filed his 1998 petition." *Id.* at 157. Specifically, the Supreme Court noted that "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" *Id.* at 156 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Accordingly, "the habeas limitations clock . . . did not begin to run until [the petitioner's] second amended sentence became final," *Walker v. Perlman*, 556 F. Supp. 2d 259, 262 (S.D.N.Y. 2008), and "was not final for purposes of triggering AEDPA's statute of limitations" at the time the petitioner filed his original 1998 application, *Burton*, 549 U.S. at 157; *accord Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1288 (11th Cir. 2007) (holding that because, under *Burton*, "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving becomes final," the petitioner's challenge to his conviction, which was filed after his resentencing, was timely). In *Walker v. Perlman*, *supra*, the court, relying on *Burton*, held that "a habeas petition filed more than five years after a state prisoner was convicted of a crime, but less than two months after a corrected sentence imposed on resentencing became final, was timely filed even though his habeas petition challenged only his underlying conviction and not the corrected sentence. The

6

'judgment' that triggered the one-year statute of limitations became final when the corrected sentence pursuant to which the prisoner was in custody became final, thereby making both his conviction and sentence final." *Walker*, 556 F. Supp. 2d at 263.

Magistrate Judge Davison relied on *Burton* and *Walker* to conclude that Petitioner's one-year limitation period was "re-started" after Petitioner's sentence was amended by the state court on July 24, 2008. Because Petitioner's habeas application was filed in this Court on October 17, 2007, before the new limitations period even started, Magistrate Judge Davison found that the Petition was retroactively timely.

However, the procedural posture of Petitioner's case is different from *Burton* and *Walker* because, here, the Petition was untimely when filed, and Petitioner received his new sentence, which restarted the limitations clock, while the Petition was pending in this Court. As noted above, Petitioner's application for habeas corpus was filed on October 17, 2007, more than two years after the limitations period had run on September 22, 2005. In addition, his Petition was filed six months *before* Petitioner's April 2008 CPL § 440.20 post-conviction motion to set aside his January 2003 amended sentence, and nine months *before* Petitioner received his amended sentence on July 24, 2008.

The mere fact that Petitioner filed a collateral state court petition did not serve to "revive" his limitations period, and if Petitioner had not been resentenced, the instant Petition would certainly have been untimely. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."); *Castillo v. Ercole*, No. 07-CV-11256, 2009 WL 1492182, at *4 (S.D.N.Y. May 27, 2009) ("[CPL] 440 motions do not restart the limitations

period."); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral review can no longer serve to avoid a statute of limitations."). Accordingly, the Court does not adopt Magistrate Judge Davison's recommendation that the Court find that Petitioner's pending habeas application has become retroactively timely due to Petitioner's resentence. However, the Court will construe the pro se Petitioner's October 20, 2008 affirmation, wherein he informs the Court of his July 24, 2008 resentence (Pet'r's Oct. 20, 2008 Affirm. in Opp. to Mot. to Dismiss ¶¶ 44-45), as a request for leave to amend his Petition in light of his resentence. *See Dorsey v. Irvin*, 56 F.3d 425, 426-27 (2d Cir. 1995) (remanding case to district judge to allow petitioner to amend his petition, where petitioner had not raised claims in original petition which were raised on appeal); *Levine v. Menifee*, No. 05-CV-1902, 2005 WL 1384021, at *3 (S.D.N.Y. June 9, 2005) (construing petitioner's pleading as a request for leave to amend his habeas petition).

The standard governing a motion to amend a habeas petition is Federal Rule of Civil Procedure 15 ("Rule 15"), the application of which is supported by 28 U.S.C. § 2242, which states that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002) ("A motion to amend a habeas petition is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a)."); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (same). Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "Such leave should be denied only in limited circumstances, *e.g.*, where amendment is sought in bad faith, where such would unduly prejudice the opposing party, or parties or where such would be futile." *Letizia v. Walker*, No. 97-CV-333, 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998). Moreover, Rule 15(a) permits a party to

8

"amend [its] pleading once as a matter of course" at any time "before being served with a responsive pleading." Fed. R. Civ. P. 15(a).

"[T]he decision to grant a motion to amend [a habeas petition] is committed to the sound discretion of the district court." *Ching*, 298 F.3d at 180. "Additionally, the Second Circuit has emphasized that a *pro se* filing 'is to be read liberally' and that a court should not dismiss a petition or complaint without 'granting leave to amend at least once when a liberal reading of the [filing] gives any indication that a valid claim might be stated.'" *Pierre v. Ercole*, 607 F. Supp. 2d 605, 607 (S.D.N.Y. 2009) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).[3]

Where, as here, a petition is pending and has not been adjudicated on the merits, the Second Circuit has held that a subsequently filed petition should not be treated as a "second or successive" petition, but, rather, can be construed as a motion to amend the original petition subject to the Rule 15 standard. *See Ching*, 298 F.3d at 175 ("We hold that a habeas petition submitted during the pendency of an initial [petition] should be construed as a motion to amend the initial [petition]."); *Littlejohn*, 271 F.3d at 363 ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal."); *Scalerico v. Donelli*, No. 07-CV-2458, 2008 WL 4426879, at *1 (E.D.N.Y. Sept. 24, 2008) ("The Second

---

[3] "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis in original); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (noting that a court must construe a pro se petitioner's pleading liberally and interpret it "to raise the strongest arguments that [it] suggest[s]" (internal quotation marks omitted)). Because Petitioner is proceeding pro se, his submissions are held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). However, Petitioner's pro se status "'does not exempt [him] from compliance with relevant rules of procedural and substantive law.'" *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Circuit has made abundantly clear that where a Petitioner files a second petition for a writ of habeas corpus before his first habeas petition has reached a final disposition, the second petition should be treated as a motion to amend the initial petition."). This rule recognizes that subjecting an amendment "to the stringent requirements of 28 U.S.C. § 2244(b)(2) for the allowance of a second or successive petition would be inconsistent with [Rule 15]'s historically liberal allowance of amendment," especially where the petitioner is proceeding pro se. *Letizia*, 1998 WL 567840, at *1.

In this case, the Court finds that the fact that Petitioner's original habeas application is still pending weighs toward deeming Petitioner to be amending the Petition to account for Petitioner's resentence, rather than dismissing the Petition on timeliness grounds, especially since, under *Burton*, any re-filed Petition would be timely in any event. Here, the procedural history of this case, although unusual, does not suggest the type of dilatory conduct by Petitioner that is inconsistent with Rule 15(a). *See Littlejohn*, 271 F.3d at 363 (noting that courts retain the discretion "to deny" leave to amend "to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive"). Moreover, because Petitioner's "habeas petition [has not] been finally resolved, to allow [Petitioner] to supplement his . . . petition in this manner would not be contrary to one of the recognized purposes of AEDPA – finality." *Douglas*, 560 F.3d at 1190. And, such an amendment would not prejudice Respondent, given the early stages of this litigation and considering that the Court received no objections from Respondent in response to Magistrate Judge Davison's R&R. Finally, because the original Petition is still pending in this Court and has not been decided on the merits, the Court finds that justice is best served by allowing Petitioner to amend his Petition to incorporate his new sentence date. Thus, "[i]n an abundance of caution, and in the exercise of its discretion, the [C]ourt grants . . . the motion to amend . . . as it is in the

interest of justice to allow the amendment[]." *Skakel v. Murphy*, No. 07-CV-1625, 2009 WL 2253175, at *3 (D. Conn. July 27, 2009).[4]

### C. Petitioner's Other Arguments for Timeliness

Magistrate Judge Davison recommends that "each of Petitioner's [other] arguments for timeliness – under the four subsections of [28 U.S.C. § 2244(d)(1)] and the two bases for tolling – would . . . fail[]." (R&R 9 n.8.) Having found no clear error in Magistrate Judge Davison's recommendation that Petitioner's other arguments for timeliness have no merit, the Court adopts this portion of the R&R.

### III. Conclusion

For the reasons stated herein, the Respondent's motion is DENIED, and Petitioner's habeas corpus petition is amended to incorporate Petitioner's new sentence date, July 24, 2008, as the date of his final conviction. Therefore, the Court adopts Magistrate Judge Davison's R&R, to the extent it is consistent with this Order.

Accordingly, it is hereby

ORDERED that the Report & Recommendation dated March 20, 2009, is ADOPTED to the extent consistent with this Order; and it is further

ORDERED that Respondent's Motion to Dismiss is DENIED; and it is further

---

[4] Although there is an appeal pending in state court relating solely to Petitioner's April 24, 2008 resentencing, this Court does not have the authority to stay and abey Petitioner's habeas proceedings because Petitioner's habeas petition challenges only his underlying conviction, which had already been exhausted in state court at the time of his filing, and is therefore not a "mixed petition," i.e., a petition containing some exhausted and some unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005) (noting that district court has authority to stay and abey a petition where it contains unexhausted claims); *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (holding that where a district court is presented with a mixed petition, it may dismiss the entire petition with prejudice or dismiss the unexhausted claims and stay the rest).

ORDERED that the Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 13).

SO ORDERED.

Dated:  August 13, 2009
        White Plains, New York

                                          _____
                                          KENNETH M. KARAS
                                          UNITED STATES DISTRICT JUDGE

Service List (By Mail):

Oscar Mercado
02A6109
Five Points Correctional Facility
State Route 96
Romulus, NY 14541

Joseph M. Latino
Office of the District Attorney
Westchester County Courthouse
111 Martin Luther King, Jr., Blvd.
White Plains, NY 10601

Maria Ileana Wager
Westchester County Courthouse
111 Martin Luther King, Jr., Blvd.
White Plains, NY 10601

Copy to:
The Honorable Paul E. Davison
United States Magistrate Judge