```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC #:
-----------------------------------------x    FILED: 12/8/11
OSCAR MERCADO,                           :
                    Petitioner,          :
                                         :    ORDER ADOPTING REPORT
v.                                       :    AND RECOMMENDATION
                                         :
JOHN LEMPKE, Superintendent, Five Points :    07 CV 9865 (VB)
Correctional Facility,                   :
                    Respondent.          :
-----------------------------------------x
```

Briccetti, J.:

Before the Court is the Report and Recommendation ("R&R") of the Honorable Paul E. Davison, United States Magistrate Judge, dated July 25, 2011 (Doc. #51), on Oscar Mercado's petition for a writ of habeas corpus. (Doc. #2). Judge Davison recommends that the petition be denied. For the reasons set forth below, the Court adopts the R&R as the opinion of the Court. The petition for a writ of habeas corpus is DENIED.

## DISCUSSION

Standard of Review

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the recommended ruling "[w]ithin fourteen days after being served with a copy [of the recommended disposition]." Id. When a party submits a timely objection, the district court reviews the parts of the report and recommendation to which the party objected de novo. Id. However, if a petitioner makes only conclusory or general objections, or merely reiterates the same arguments set forth in the original petition, a district court should review a report and recommendation for clear error. Ortiz v. Barkley, 558 F. Supp.

1

Copies Mailed/Faxed 12/8/11
Chambers of Vincent L. Briccetti

2d 444, 451 (S.D.N.Y. 2008). A report and recommendation is clearly erroneous when a district court is, "upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 U.S. Dist. LEXIS 55034, at *2 (S.D.N.Y. July 21, 2008) (quotation omitted).

In conducting habeas corpus review, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to apply a deferential standard when conducting habeas corpus review of state court decisions. Renico v. Lett, —U.S.—, 130 S. Ct. 1855, 1862 (2010). A petitioner is entitled to habeas corpus relief if he can show the state court decision "was contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." U.S.C. § 2254(d)(1).

Petitioner's Objections

The Court presumes familiarity with the factual and procedural background of this case.

---

[1] Petitioner will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

In his objections to the R&R, petitioner argues his due process rights were violated because:

1. The verdict was against the weight of the evidence;

2. The evidence was insufficient to convict petitioner of sodomy, and this claim was preserved for appellate review;

3. The trial court made a series of evidentiary mistakes, all of which were preserved for appellate review;

4. Some evidence presented at trial was seized in violation of the Fourth and Fourteenth Amendments;

5. The prosecution withheld Brady material; and

6. The Appellate Division restricted petitioner's leave to appeal to sentencing issues only, without reason or cause, thereby preventing petitioner from asserting several claims on appeal.[2]

Petitioner's arguments (1), (3), (4), and (5) merely reiterate petitioner's arguments in his original habeas petition, and are otherwise general and conclusory. Petitioner's argument (6) is general and conclusory because petitioner does not provide facts that suggest the Appellate Division improperly or unfairly limited his appeal, thereby preventing him from asserting various claims, or that petitioner exhausted those claims by raising them on direct appeal in state court. The Court therefore reviews those portions of the R&R for clear error. Having reviewed

---

[2] Petitioner argues he was prevented from asserting the following claims on appeal: (1) the trial court failed to excuse a biased juror, (2) the trial court failed to ask the members of the jury if they had read a newspaper article about the case, (3) the trial court failed to issue a gag order to the press, and (4) petitioner's Miranda rights were violated.

those portions of Judge Davison's thorough and well-reasoned R&R, the Court finds no clear error.

Petitioner's argument (2) also fails. A federal court is precluded from reviewing a claim not preserved for appellate review in state court. See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). Petitioner asserts that his trial counsel moved to set aside the jury verdict on the ground that it was contrary to the evidence. However, under New York law, only a specific objection at trial is sufficient to preserve for appellate review a claim of legally insufficient evidence. People v. Gray, 86 N.Y.2d 10, 20-21, 652 N.E.2d 919, 629 N.Y.S.2d 173 (1995) (noting that "even where a motion to dismiss for insufficient evidence was made [at trial], the preservation requirement compels that the argument be 'specifically directed' at the alleged error"). Therefore, counsel's general objection to the verdict as a whole did not preserve for appellate review petitioner's claim that the evidence was insufficient to support his sodomy conviction. As such, this Court is precluded from reviewing that claim.

## CONCLUSION

Accordingly, the Court adopts the R&R in its entirety. The petition for a writ of habeas corpus is DENIED.

The Clerk of the Court is instructed to close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this from this ruling would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated: December 8, 2011
      White Plains, NY

SO ORDERED

Vincent L. Briccetti
United States District Judge